IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    v.<br><br>THAD N. JUNGE,<br><br>            Defendant. | **8:18CR235**<br><br><br>**MEMORANDUM<br>AND ORDER** |

This matter is before the Court on Defendant Thad N. Junge's ("Junge") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 98).  For the reasons stated below, the motion is denied, and no certificate of appealability will issue.

## I.    BACKGROUND

On August 22, 2018, a federal grand jury indicted Junge on one count of conspiracy to possess with intent to distribute methamphetamine and one count of distribution of methamphetamine.  The Court appointed Donald Schense ("Schense") as Junge's counsel. After trial, a jury found Junge guilty of conspiracy to possess with intent to distribute 500 grams or more of methamphetamine. The jury also found Junge guilty of distributing methamphetamine.  On August 6, 2019, the Court sentenced Junge to a term of 210 months imprisonment on both counts, to be served concurrently, followed by a term of ten years of supervised release.

Junge's timely pro se § 2255 motion alleges five grounds of ineffective assistance of counsel.  First, Junge alleges his counsel was ineffective by failing to "strike a juror that probably [saw Junge] in a prison uniform while working for the Nebraska Department of Corrections."   Second, Junge alleges that his counsel failed to investigate a material witness.  Third, Junge alleges that his counsel failed to appeal the Court's decision to deny Junge's motion for mistrial.  Fourth, Junge alleges his trial counsel failed to call a character

witness to testify that Junge was reliable and a good worker.  Finally, Junge alleges that counsel failed to investigate whether a potential witness, Amber Hillpepper ("Hillpepper"), would be helpful to the defense.

## II.    DISCUSSION

### A.    Standard of Review

Section 2255(a) allows a prisoner in custody pursuant to a sentence imposed by a federal judge to move to vacate, set aside, or correct his sentence if the sentence was imposed "in violation of the Constitution or the laws of the United States."  Under § 2255(b), the Court should conduct a hearing on Junge's motion "[u]nless the motion and the files and records of the case conclusively show that [he] is entitled to no relief." "No hearing is required where the claim 'is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" *Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007) (quoting *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994)); *see also Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (explaining a hearing is unnecessary "[i]f it is apparent from the face of the motion and supporting record that" the motion is untimely).

### B.    Allegations of Ineffective Assistance of Counsel

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel at all critical stages of a criminal proceeding, including plea negotiations, sentencing, and appeal.  *See* U.S. Const. amend. VI; *Lee v. United States*, 582 U.S. ___, ___, 137 S. Ct. 1958, 1964 (2017).  To establish ineffective assistance of counsel, a prisoner must meet the two-part test articulated in *Strickland v. Washington*, 466 U.S. 668 (1984), by showing counsel's representation was both objectively deficient and prejudicial.  *Id*. at 687-88 (explaining counsel's errors must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment").  In other words, the prisoner must show his "counsel's representation fell below an objective standard of reasonableness" and "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable

2

probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 688, 694.

The prisoner's burden is a heavy one. *See United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). He must overcome "a strong presumption that [his] counsel's conduct falls within the wide range of reasonable professional assistance" and could be considered sound strategy. *Strickland*, 466 U.S. at 689. "It is not sufficient for [him] to show that the error had some 'conceivable effect' on the result of the proceeding because not every error that influences a proceeding undermines the reliability of the outcome of the proceeding." *Odem v. Hopkins*, 382 F.3d 846, 851 (8th Cir. 2004) (quoting *Strickland*, 466 U.S. at 693).

### 1. Choice to Not Strike Juror

Junge alleges that during jury selection, one of the potential jurors said he worked for the Nebraska Department of Roads near 108th and "I" Streets in Omaha. The potential juror explained that the Nebraska State Patrol has offices at the same location and fueled their vehicles in the same yard used by the Department of Roads. Junge alleges that in 2013 or 2014, while on work detail with the Nebraska Department of Corrections and while wearing a prisoner uniform, Junge did work at or near the offices of the Department of Roads near 108th and "I". Junge argues that because the potential juror could have previously seen Junge in a prison uniform, his counsel was ineffective for failing to strike the potential juror.

Junge's argument fails both prongs of the *Strickland* test. Courts have held that counsel's performance in voir dire does not fall below an objective standard of reasonableness if there is no indication from questioning that a potential juror knows the defendant or a potential witness. *See Williams v. Taylor*, 529 U.S. 420, 441-43, 435 (2000) (finding counsel not ineffective even where questioning failed to reveal that jury foreperson was ex-wife of prosecution's lead witness); *White v. Dingle*, 757 F.3d 750, 755 (8th Cir. 2014) (finding no ineffective assistance where defendant presented no evidence that potential juror and defendant knew each other even though they worked at the same

3

casino).    Further,  speculation  of  a  potential  juror's  prejudice,  without  evidence,  is insufficient to satisfy the prejudice prong of the *Strickland* test.  *See White*, 757 F.3d at 755.

Junge's assertion is purely speculative.  His allegations suggest that the potential juror was biased because he may have seen Junge in a prison uniform several years prior to Junge's trial.   Junge presents no evidence that the potential juror recognized Junge. Junge admits that the potential juror described his workplace in response to a question about connections with the Nebraska State Patrol, and not in response to any question about whether the potential juror knew Junge.  The connection between Junge and the potential juror is too tenuous to conclude that Junge's counsel was unreasonable for failing to strike him.   Further,  Junge's allegation of bias is based solely on the conceivable effect of the potential juror recognizing Junge.  Accordingly, the Court cannot conclude that failing to strike the juror amounted to ineffective assistance of counsel.

### 2.    Failure to Investigate Ownership of a Pickup

Junge's second ground alleges that his counsel should have conducted further investigation into the ownership of a 1994 Chevy Pickup ("pickup").   During trial, the testimony of Michael Vanness ("Vanness") and Sonia Frear ("Frear") suggested that Junge used the pickup as a money drop for drug transactions.  Frear testified that she believed the Pickup was on Junge's property and used as a money drop for approximately a year.  Junge asserts that Vanness sold the pickup to Nathan Carlson ("Carlson") who removed it from Junge's property after approximately two months.  Junge stated that he told his counsel to speak  with  Carlson,  but  Junge's  counsel  refused  because  Carlson  was  presently incarcerated, and counsel did not want to call a prisoner as a witness.  Junge argues that his counsel's refusal to call Carlson was ineffective because Carlson's testimony would have undermined the testimony of Vanness and Frear.

"The decision not to call a witness is a virtually unchallengeable decision of trial strategy."  *Ford v. United States*, 917 F.3d 1015, 1024 (8th Cir. 2019) (quoting *United States v. Staples*, 410 F.3d 484, 488 (8th Cir. 2005)).  Courts afford an attorney deference

4

with respect to calling a witness because "there is considerable risk inherent in calling any witness[;] if the witness does not hold up well on cross-examination, the jurors might draw unfavorable inferences against the party who called him or her." *Id*. at 1025 (citing *Staples*, 410 F.3d at 489).   When applying the prejudice prong of the *Strickland* test to a defense counsel's decision not to call a witness, the Court must "assess '(1) the credibility of all witnesses, including the likely impeachment of the uncalled defense witnesses; (2) the interplay of the uncalled witnesses with the actual defense witnesses called; and (3) the strength of the evidence actually presented by the prosecution.'" *Woods v. Norman*, 825 F.3d 390, 395-96 (8th Cir. 2016) (quoting *McCauley-Bey v. Delo*, 97 F.3d 1104, 1106 (8th Cir. 1996)).   Moreover, "[t]o establish prejudice from counsel's failure to investigate a potential witness, a petitioner must show that the witness would have testified and that their testimony would have probably changed the outcome of the trial." *Hadley v. Groose*, 97 F.3d 1131, 1135 (8th Cir. 1996) (internal quotation omitted).

The Court cannot say Schense's decision not to investigate and call Carlson was objectively unreasonable or prejudicial.  Junge's own allegation states that his counsel was hesitant to call Carlson because he was incarcerated.  Thus, Schense apparently considered the credibility of the witness and the potential for impeachment on cross examination. Further, the trial transcript shows Schense thoroughly cross examined Frear's testimony on the timeline for using the pickup as a money drop.  Other than to cast some doubt of the timeline of when the pickup was on Junge's property, it is unclear how Carlson's testimony could have changed the outcome of the trial.  Accordingly, Junge has not met his burden.

### 3.    Failure to Appeal Denied Motion for Mistrial

During trial, the prosecutor asked Vanness how long he had known Junge.  Vanness testified that he had been acquainted with Junge for the better part of ten years and "dealing with him since this time."  Schense moved for a mistrial, arguing that an order in limine instructed the government to advise their witnesses not to speak about anything outside the scope of the Indictment.  Schense argued Vanness's statement violated the order in limine because it implied that he had been dealing drugs with Junge for ten years.  The Court

denied the motion, concluding Vanness's statement was not unduly prejudicial. Junge argues that he instructed counsel to appeal the Court's denial, but counsel failed to raise that argument.

"Effective appellate counsel should not raise every nonfrivolous argument on appeal, but rather only those arguments most likely to succeed." *Davila v. Davis*, 582 U.S. ___, ___, 137 S. Ct. 2058, 2067 (2017). "Declining to raise a claim on appeal, therefore, is not deficient performance unless that claim was plainly stronger than those actually presented to the appellate court." *Id*. Courts are "particularly deferential" to appellate counsel when reviewing claims that appellate counsel failed to raise an additional issue on direct appeal. *Charboneau v. United States*, 702 F.3d 1132, 1136 (8th Cir. 2013).

"Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983). "When appellate counsel competently asserts some claims on a defendant's behalf, it is difficult to sustain [an] ineffective assistance claim based on allegations that counsel was deficient for failing to assert some other claims." *Link v. Luebbers*, 469 F.3d 1197, 1205 (8th Cir. 2006). "[A]bsent contrary evidence, 'we assume that appellate counsel's failure to raise a claim was an exercise of sound appellate strategy.'" *United States v. Brown*, 528 F.3d 1030, 1033 (8th Cir. 2008) (quoting *Roe v. Delo*, 160 F.3d 416, 418 (8th Cir. 1998)).

Schense did not ignore Junge's directive to file an appeal. Rather, Junge argues he is entitled to relief because his counsel failed to argue that the Court erroneously denied his motion for mistrial. Having reviewed the record, the Court cannot conclude that Junge was prejudiced by his counsel's decision not to raise the mistrial on appeal. "It is generally within the discretion of the district court to decide whether the fairness of a trial has been compromised by prejudicial testimony." *United States v. Espinosa*, 585 F.3d 418, 428 (8th Cir. 2009). Recognizing the Court of Appeals' deference to the trial court's discretion on

motions for mistrials, the Court cannot conclude that it was objectively unreasonable for Junge's appellate counsel to decline to raise the issue on appeal.

### 4.      Failure to Call Character Witness

Junge asserts that he asked his trial counsel to subpoena Junge's former employer, LeRoy Cuhel ("Cuhel").  Junge asserts he wanted someone "who could testify on my behalf as a good worker a reliable man [sic] who operates cranes and heavy equipment 5 days a week."  Junge argues his counsel was ineffective for failing to call Cuhel.

As noted above, courts afford counsel deference with respect to calling a witness because "there is considerable risk inherent in calling any witness[;] if the witness does not hold up well on cross-examination, the jurors might draw unfavorable inferences against the party who called him or her." *Ford*, 917 F.3d at 1025 (8th Cir. 2019) (quoting *Staples*, 410 F.3d at 489).  Further, "[t]o establish prejudice from counsel's failure to investigate a potential witness, a petitioner must show that the witness would have testified and that their testimony would have probably changed the outcome of the trial." *Hadley*, 97 F.3d at 1135.  Failing to present cumulative evidence is insufficient to show prejudice for a claim of ineffective assistance of counsel. *Winfield v. Roper*, 460 F.3d 1026, 1034 (8th Cir. 2006).

Junge cannot show that his counsel was ineffective for failing to call a character witness.  Junge argues that Cuhel could have verified Junge's whereabouts "75% of the time" but does not offer any explanation for how this would have impacted his defense. The majority of Junge's argument contains generalized complaints about his frustration with communications with counsel, but Junge fails to offer any evidence or explanation about how Cuhel's testimony would have altered the outcome of the trial.  Moreover, Junge admits that Vanness testified that Junge had to travel for work and also that Junge was "a hard-working man."  Thus, much of the testimony Cuhel would have provided would have merely been cumulative of testimony already in the record.  The Court cannot conclude that failing to call Cuhel was unreasonable or prejudicial to Junge's defense.

### 5.    Failure to Investigate Amber Hillpepper

Junge's trial included audio and video of a controlled buy.  Junge claims that during the video, there is evidence that Hillpepper was present at the controlled buy.  Junge argues that Hillpepper's presence would indicate that the "controlled buy was not so controlled." Junge does not explain what this means or how it would impact his case.  Nevertheless, he argues that he wrote to his counsel before trial to inform him that another person was present at the controlled buy.  During trial, witness Fred Beyer mentioned Hillpepper's name.  Junge alleges that his counsel then asked Junge what Hillpepper would testify and Junge responded "I don't know, that's why I wanted you to talk to her pretrial."  Junge argues that his counsel was ineffective for failing to investigate Hillpepper.

"In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Strickland*, 466 U.S. at 691.  "Put simply, there only needs to be 'a reasonable basis for [counsel's] strategic decision.'" *United States v. Ngombwa*, 893 F.3d 546, 552 (8th Cir. 2018).  A reasonable basis exists where any potential information from an investigation would have limited or detrimental value or could easily be attacked on cross-examination.  *Id*.

There is no evidence that Schense could have been aware of Hillpepper before trial. Junge's own allegations do not offer any explanation for how Hillpepper's testimony could have assisted his defense.  According to Junge, his pretrial letter to counsel stated that someone else was present at the controlled buy but did not mention Hillpepper's name or give any indication that she could be important to the investigation.  Counsel cannot be ineffective for failing to investigate a witness where he had no reason to know of her relevance to the case.

The record establishes that none of Junge's asserted grounds demonstrate that his counsel's actions were objectively unreasonable or that, but for counsel's errors, Junge would have been acquitted.  Therefore, Junge is not entitled to an evidentiary hearing, and his § 2255 motion is denied in its entirety.

C.      **Certificate of Appealability**

Before he can appeal the denial of his motion, Junge must obtain a certificate of appealability. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). To do that, he must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Because Junge has not shown that the outcome of his § 2255 motion is reasonably debatable, is susceptible to a different conclusion, or deserves further review, the Court will not issue a certificate of appealability.

Based on the foregoing,

IT IS ORDERED:

1.    Defendant Thad Junge's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255 (Filing No. 98) is denied.

2.    No certificate of appealability will issue.

3.    A separate judgment will be entered.

4.    The Clerk of Court is directed to mail a copy of this Memorandum and Order to the defendant at his last known address.

Dated this 4th day of October 2021.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

9