IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:18CR235 |
| v. | |
| THAD N. JUNGE, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the court on defendant Thad N. Junge's ("Junge") "Notice of Motion and Motion to Vacate Judgment 60(b)(2)" (Filing No. 113). Junge purports to bring his motion under Federal Rule of Civil Procedure 60(b)(2) and seeks "an order vacating judgment against him on the grounds of newly discovered evidence which is clearly material to the issues in this case."

On May 9, 2019, a jury convicted Junge of distributing methamphetamine and conspiracy to possess with intent to distribute 500 grams or more of methamphetamine. The Court sentenced Junge to 210 months in prison followed by 10 years of supervised release. Junge appealed his conviction but the Eighth Circuit affirmed. *See United States v. Junge*, 807 F. App'x 584, 585 (8th Cir. 2020).

On March 15, 2021, Junge timely filed a pro se motion to vacate his sentence under 28 U.S.C. § 2255 (Filing No. 98), asserting five grounds of ineffective assistance of counsel. Junge claimed, among other things, that his attorney refused to fully investigate or call a particular witness at trial. Junge argued that witness, Nathan Carlson ("Carlson"), had knowledge about a "1994 Chevy Pickup" ("pickup") that was material to Junge's defense.

The Court denied Junge's § 2255 motion, explaining "none of Junge's asserted grounds demonstrate" that Junge "would have been acquitted" but for his attorney's

errors. The Court stated that the "decision not to investigate and call Carlson" was not objectively unreasonable or prejudicial, because "Junge's own allegation states that his counsel was hesitant to call Carlson because he was incarcerated."

Although Junge brings his present motion under Rule 60(b)(2) because of alleged "newly discovered evidence," his arguments are almost identical to those raised in his § 2255 motion. He asserts that his attorney "failed to interview witnesses [Junge] told him would provide testimony helpful to his defense"—namely, Carlson, along with a tow-truck driver who allegedly towed the pickup in question. The only "new evidence" Junge includes and discusses is "a notarized statement from [Carlson]" discussing the pickup.[1] Junge contends this "newly discovered evidence . . . proves perjury was committed by two government cooperators" and that "a conviction was secured against [him] using perjured testimony."

Rule 60(b)(2) permits a court to relieve a party from a final judgment if the party presents "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial." *In re Levaquin Prod. Liab. Litig.*, 739 F.3d 401, 404 (8th Cir. 2014). Although Rule 60(b) generally applies to civil cases, *see United States v. Eggleston*, 24 F. App'x 656, 656 (8th Cir. 2002) (unpublished per curiam) ("Rule 60(b) applies only to civil cases"), it also "applies to habeas proceedings to the extent it is not inconsistent with" the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(b), *Ward v. Norris*, 577 F.3d 925, 932 (8th Cir. 2009) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005)).

AEDPA "impose[s] strict[] limitations on the filing of second and successive § 2255 motions." *Baranski v. United States*, 880 F.3d 951, 955 (8th Cir. 2018); *see also* 28 U.S.C. § 2244(b). AEDPA requires a habeas applicant to "move in the appropriate

---

[1] Junge calls Carlson's notarized statement "newly discovered evidence," but the statement contains information Junge raised in his § 2255 motion and that he admits to discussing with his attorney before trial.

court of appeals for an order authorizing the district court to consider" a second or successive § 2255 petition. *Id.* § 2244(b)(3); *see also id.* § 2255(h) (requiring successive § 2255 motions from federal prisoners "be certified as provided in [§ 2244(b)(3)] by a panel of the appropriate court of appeals"); *United States v. Lee*, 792 F.3d 1021, 1023 (8th Cir. 2015) ("[B]efore filing a second or successive petition in district court, a habeas applicant must receive an order authorizing it from the court of appeals.").

Accordingly, the Court must determine whether Junge's present motion is a second or successive § 2255 motion. *See Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (per curiam) (stating district courts should "conduct a brief inquiry to determine whether the allegations in a Rule 60(b) motion in fact amount to a second or successive collateral attack under . . . 28 U.S.C. § 2255."). "A Rule 60(b) motion is a second or successive habeas corpus application if it contains a claim." *Ward*, 577 F.3d at 933; *see also Rouse v. United States*, 14 F.4th 795, 799 (8th Cir. 2021) (explaining the § 2244(b) restrictions only "apply to Rule 60(b) motions that present 'new claims for relief'" (quoting *Gonzalez*, 545 U.S. at 531)).

A Rule 60(b) motion contains a claim if it "seeks to add a new ground for relief" or "attacks the federal court's previous resolution on the merits." *Gonzalez*, 545 U.S. 524, 532 (2005).[2] If the Rule 60(b) motion only attacks "some defect in the integrity of the federal habeas proceedings," it is not a second or successive collateral attack. *Lee*, 792 F.3d at 1023 (quoting *Gonzalez*, 545 U.S. at 531-32).

Here, Junge makes clear that he brings his Rule 60(b)(2) motion "on the grounds of newly discovered evidence." The Eighth Circuit has held that newly acquired evidence "fall[s] squarely within the class of Rule 60(b) claims" to which § 2244(b) restrictions apply. *Rouse*, 14 F.4th at 800 (discussing, *Gonzalez*, 545 U.S. at 529). Thus,

---

[2]Although the Supreme Court in *Gonzalez* expressly limited its holding to § 2254 motions, *see Gonzalez*, 545 U.S. at 529 n.3, the Eighth Circuit has consistently applied *Gonzalez* to § 2255 cases. *See, e.g., Rouse*, 14 F.4th at 799; *Lee*, 792 F.3d at 1023-24.

3

Junge's Rule 60(b)(2) motion contains a "claim" and is a second or successive § 2255 motion.³ *See United States v. Brik*, No. 15CR7803SRNBRT, 2022 WL 1122127, at *3 (D. Minn. Apr. 14, 2022) (treating § 2255 motion as successive where "the Rule 60(b) motion attacks the court's ruling in the previous habeas proceeding on the merits, or raises 'new claims for relief,'" (citing *Rouse*, 14 F.4th at 799)); *Clark v. United States*, No. 4:21-CV-00127-JAR, 2022 WL 677356, at *2 (E.D. Mo. Feb. 3, 2022) (dismissing Rule 60(b) motion as second or successive § 2255 motion where it "merely rehash[ed] the same arguments that [the] Court considered in denying habeas relief").

"[I]t is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure." *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005). Junge should have moved the court of appeals for an order authorizing this second or successive § 2255 petition. *See* 28 U.S.C. § 2244(b)(3). Given his failure to do so, Junge's Rule 60(b) motion is "denied for lack of precertification" as a second or successive habeas petition. *Lee*, 792 F.3d at 1023 (8th Cir. 2015).

IT IS SO ORDERED.

Dated this 26th day of January 2023.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

---

³The Court is not required to employ the warning procedure in *United States v. Morales*, 304 F.3d 764 (8th Cir. 2002), before reclassifying Junge's motion because it is a successive § 2255 motion. *See Boyd*, 304 F.3d at 814 ("If the district court determines the Rule 60(b) motion is actually a second or successive habeas petition, the district court should dismiss it for failure to obtain authorization from the Court of Appeals or, in its discretion, may transfer the purported Rule 60(b) motion to the Court of Appeals.").