IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>      v.<br><br>THAD N. JUNGE,<br><br>                Defendant. | 8:18CR235<br><br>MEMORANDUM<br>AND ORDER |

      This matter is before the Court on defendant Thad N. Junge's ("Junge") *pro se* "Motion to [A]mend [T]imely 2255" (Filing No. 126). Junge asserts the "motion is related to ground 2 of [his] ongoing 2255 and [] should be accepted by the Court under the relation back doctrine." That ground focuses on his trial attorney's failure to call a witness Junge "ordered" him to call and his related complaints about the drug quantity attributed to him. For the reasons described below, his motion is denied.

      Junge's case went to trial in May 2019.[1] At its conclusion, a jury found Junge guilty of one count of conspiring to distribute or possess with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine and one count of distributing a mixture or substance containing methamphetamine. *See* 21 U.S.C. §§ 841(a)(1), (b)(1), 846. The Court sentenced Junge on August 5, 2019, to a total of 210 months imprisonment followed by a ten-year term of supervised release. On Junge's appeal, the Court of Appeals for the Eighth Circuit affirmed the Court's denial of his motions for judgment of acquittal and upheld his convictions. *See United States v. Junge*, 807 F. App'x 584, 585 (8th Cir. 2020) (per curiam).

---

[1] The late Honorable Laurie Smith Camp, Senior District Judge, presided over Junge's case through trial and sentencing. Due to her death, this matter was reassigned on March 16, 2021, when Junge filed a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Filing No. 98).

Junge timely filed his first § 2255 motion on March 15, 2021. [2] *See* 28 U.S.C. § 2255(f) (generally giving a movant one year from the date of their "judgment of conviction" to file a § 2255 motion). He asserted a slew of claims of ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Among other things, Junge claimed his court-appointed counsel erred in failing to speak to two of the government's cooperating witnesses before they testified at trial and in failing to call Nathan Carlson ("Carlson") as a witness ("ground two"). In his view, those efforts would have enabled his attorney to impeach the cooperators on what he saw as lies in their narrative—particularly as it related to a 1994 Chevy truck (the "Chevy") they claimed Junge was using "as a drop off spot" for drug-transaction proceeds.

The Court denied Junge's motion on October 4, 2021. *See United States v. Junge*, No. 8:18CR235, 2021 WL 4521349, at *1 (D. Neb. Oct. 4, 2021); Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 4(b) ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."). With regard to ground two of Junge's § 2255 motion, the Court concluded that his allegations failed to demonstrate his counsel's decisions were "objectively unreasonable or prejudicial." *Junge*, 2021 WL 4521349, at *2-*3. Both the Court and the Eighth Circuit denied Junge's requests for a certificate of appealability (Filing Nos. 105, 109). The circuit court also denied his later requests to supplement the record, amend his motion, and have the matter reheard (Filing Nos. 110, 111).

Several months later, Junge filed a "Motion to Vacate Judgment" (Filing No. 113) pursuant to Federal Rule of Civil Procedure 60(b)(2). His arguments for relief under

---

[2]Section 2255 motions to vacate one's sentence are the statutory equivalent of federal petitions for writs of habeas corpus. *See Jones v. Hendrix*, 599 U.S. 465, 472-73 (2023). The availability of such relief is governed and strictly limited by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, 110 Stat. 1214 (1996).

Rule 60(b)(2) again related to ground two of his § 2255 motion. Junge averred "newly discovered evidence" supported his claim that the cooperating witnesses committed perjury. The Court determined that motion was subject to 28 U.S.C. § 2244(b)'s restrictions on second or successive § 2255 motions and denied it (Filing No. 114). *See Rouse v. United States*, 14 F.4th 795, 799-800 (8th Cir. 2021); 28 U.S.C. §§ 2244(b) (requiring a movant receive an order from the court of appeals authorizing a second or successive post-conviction motion), 2255(h) (subjecting § 2255 movants to that requirement and providing circumstances under which such a motion may be appropriate). Again, Junge appealed. The Eighth Circuit ultimately denied Junge permission to file a second or successive § 2255 motion (Filing No. 124).

That brings us to the present filing in which Junge seeks to amend his original § 2255 motion "with [a] statement from [a] witness [he] wanted called at trial." Junge continues to disagree with the Court's ruling on ground two of his § 2255 motion and reasserts his belief that the cooperators offered false testimony at trial. He also attaches a notarized statement made by Carlson, who confirms that he purchased the Chevy and moved it from Junge's property in late 2017. That timing purportedly casts some doubt on the cooperators' trial testimony that they participated in drug transactions with Junge in 2018.

As stated above, Junge argues his motion should be considered as "a motion to amend ground 2 of [his] timely 2255 under the relation back doctrine under Federal Rule of Civil Procedure 15(c)." That rule permits certain "untimely claims" in an amended pleading "to be deemed timely by treating the claims as if they had been filed when the timely claims were filed." *Mandacina v. United States*, 328 F.3d 995, 999-1000 (8th Cir. 2003).

Junge is correct, at least in part, that the relation back doctrine of Rule 15(c) can apply to § 2255 proceedings in some circumstances. *See Mayle v. Felix*, 545 U.S. 644, 654-56 (2005); *United States v. Hernandez*, 436 F.3d 851, 856-57 (8th Cir. 2006); *see also*

3

28 U.S.C. § 2242 (providing a habeas petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions"). But under the present circumstances, the Court finds that Junge's proposed amendment of his § 2255 motion—nearly four years after it was denied—is untimely, futile, and contrary to important rules governing post-conviction proceedings.

To start, it is not perfectly clear how Junge seeks to amend ground two of his § 2255 motion as he has not provided a proposed amended motion for the Court's review. *See* NECivR 15.1(a) (stating a "party who moves for leave to amend a pleading . . . must file as an attachment to the motion an unsigned copy of the proposed amended pleading that clearly identifies the proposed amendments"). The bulk of his motion reiterates longstanding complaints he has with the Court's denial of his § 2255 motion. But those arguments do not appear to present any new factual allegations related to his claims for habeas relief and have already been expressly and implicitly rejected multiple times through the Court's and the Eighth Circuit's decisions on his motions for certificates of appealability, motion to file a successive petition, and Rule 60(b)(2) motion.

If Junge wishes to merely amend his timely § 2255 motion with Carlson's notarized statement, that also fails. Courts "have considerable discretion to deny a post judgment motion for leave to amend because such motions are disfavored." *Par v. Wolfe Clinic, P.C.*, 70 F.4th 441, 449 (8th Cir. 2023). Judgment was entered in Junge's § 2255 proceedings on October 4, 2021. Junge's nearly four-year delay in seeking to amend his § 2255 motion alone warrants denial of his motion under the facts of this case. *See id.* (stating "[u]nexcused delay is sufficient to justify the court's denial . . . if the party is seeking to amend the pleadings after the district court has dismissed the claims it seeks to amend" (quoting *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005))).

Putting that aside and assuming Carlson's statement relates back to Junge's original motion, that amendment would be futile. *See Mt. Hawley Ins. Co. v. City of Richmond*

4

*Heights, Mo.*, 92 F.4th 763, 769 (8th Cir. 2024) ("A district court's denial of leave to amend a complaint may be justified if the amendment would be futile." (quoting *Hillesheim v. Myron's Cards & Gifts, Inc.*, 897 F.3d 953, 955 (8th Cir. 2018))). Ground two of Junge's § 2255 motion already alleged the facts included in Carlson's statement—that Carlson purchased the Chevy in 2017, making the cooperators' timeline inconceivable. In denying ground two as asserted in his original motion, the Court assumed the truth of those allegations and nonetheless found he presented no successful ineffective-assistance-of-counsel claim on that basis. *See United States v. Sellner*, 773 F.3d 927, 929-30 (8th Cir. 2014) (explaining that courts may deny a § 2255 motion without holding an evidentiary hearing where "the petitioner's allegations, accepted as true, would not entitle [them] to relief" (internal quotation omitted)).

The Court further harbors doubts about the propriety of applying the relation back doctrine in Junge's case. While the Federal Rules of Civil Procedure are generally applicable to § 2255 proceedings, the Court may not apply them in a manner "'inconsistent with' applicable federal and statutory provisions and rules" that govern those matters. *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005); *accord* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 12. Allowing Junge to amend his initial § 2255 motion years after its denial with information known at the time of his original motion appears to contradict AEDPA's limitations on second or successive petitions. *See* 28 U.S.C. §§ 2254, 2255(h); *Williams v. Norris*, 461 F.3d 999, 1004 (8th Cir. 2006) (rejecting the petitioner's "claim that an amendment to a petition is not a successive habeas if it occurs after the petition is denied, but before the denial is affirmed on appeal"); *see also Phillips v. United States*, 668 F.3d 433, 435 (7th Cir. 2012) (explaining the time to amend a habeas petition only continues until the entry of final judgment); *United States v. Nelson*, 465 F.3d 1145, 1148-49 (10th Cir. 2006) (finding the movant's Rule 15 motion to amend was "a second or successive § 2255 motion" where judgment was already entered on his first § 2255 motion).

Junge's "Motion to [A]mend [T]imely 2255" (Filing No. 126) is therefore denied. To the extent one is required here, no certificate of appealability will issue. *See* 28 U.S.C. § 2253(c); Fed. R. App. 22(b)(1); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (explaining that, to obtain such a certificate, the movant must demonstrate "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner").

IT IS SO ORDERED.

Dated this 25th day of June 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge